

U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

*Main Reception: (413) 785-0235*
*Fax: (413) 785-0394*

*Federal Building & Courthouse*
*Main Street, Room 310*
*Springfield, Massachusetts 01103*

August 24, 2005

Bernard T. O'Connor, Jr., Esq.
1391 Main Street
Springfield, MA 01103

    Re:   <u>United States v. Danny Ross</u>
           Criminal No. 05-30033-MAP

Dear Attorney O'Connor:

    In accordance with the government's continuing discovery obligations pursuant to Local Rule 116.1(C) and 116.2(B), Fed. R. Crim. P. 16(a)(1), and in response to your August 10, 2005 discovery letter I am providing you with the following information.

    The government has provided all exculpatory information as defined in L.R. 116.2(A) required at this time pursuant to L.R. 116.2(B)(1) of which the government is currently aware. The government declines to make early disclosure of the exculpatory/impeachment material set forth in L.R. 116.2(B)(2), but rather will provide that material in the time frame required by the rule.

    In response to your request for information regarding expert witnesses I presently intend to call expert witness[es] from the DEA laboratory regarding the chemical analyses of the drugs purchased from the defendant in this case. I provided copies of the DEA form 7's with the results of the completed analyses. Those forms contain the names of the chemist[s] who did the analyses and whom I expect to call as witness[es]. The chemist[s] will testify that based upon his/her education, training and experience as a chemist that he/she performed an analysis of the cocaine base in this case and that it is in fact cocaine base.

1

Further, I presently intend to call members of the FBI Gang Task Force (GTF), including but not limited to FBI SA Mark Karangekis, FBI SA Andrew Litowitz, FBI SA Rob Lewis, GTF Agent Frank Ott, GTF Agent Steve Marangoudakis, and GTF Agent James Mazza to testify at trial. I expect they will testify about terms, prices and methods of distribution in the illegal drug business based upon their training and experience investigating narcotics offenses.

The government intends to ask the GTF agents about terms used during the conversations between the defendant and the cooperating witness (CW) regarding drug quantities. The government will also ask the GTF agents about the references to amounts of money discussed during the conversations and expects that they will testify that those amounts are consistent with the prices in this area at the relevant time.

The GTF agents will also testify regarding the operation of a drug business. For example they will testify that drug businesses use beepers, cellular phones, code words or phrases, generally accept cash only and involve several levels of distributors in a hierarchy. They will also testify that drug distributors will not deal directly with unknown individuals but rather will only deal with people they know or use other members of the conspiracy to insulate themselves from detection by law enforcement.

The GTF agents will also testify about terms, prices and methods of distribution in the illegal drug business. Further, they will testify that crack or crack cocaine is the street term for cocaine base and that cocaine base in the form of crack cocaine is made by cooking cocaine and at least one other dilutant, usually baking soda. They will testify that crack is also called rock and hard. They will testify that all the cocaine base in this case is in the form of crack cocaine. They will testify that cocaine is also called raw, soft or powder. They will testify that a brick is a kilogram of cocaine. They will testify that cocaine and crack cocaine are sold in quantities which are sometimes referred to in metric weight and sometimes in ounces. They will testify that one ounce is approximately 28 grams and that an "eighth" or "8 ball" refers to one-eighth of an ounce which is approximately 3.5 grams. This is not a comprehensive list of the testimony but rather a summary of the expected testimony. The GTF agents will be testifying based upon their training as a law enforcement agents and their experience in investigating numerous drug cases.

Finally, the government declines to make early disclosure of

2

Jencks material as defined in 18 U.S.C. § 3500 but rather will make disclosure of that material pursuant to the dates required in L.R. 116 and any relevant Court order.

The government declines to provide any other information of materials requested in your letter as being outside the scope of F. R. Crim. P. 16 and L.R. 116.

Please feel free to call me at (413) 785-0235 if you have any questions about the above information.

                            Very truly yours,

                            MICHAEL J. SULLIVAN
                            United States Attorney

By:

                            TODD E. NEWHOUSE
                            Assistant U.S. Attorney

Enclosures
cc: Bethany Healy,
    Courtroom Clerk
    Hon. Kenneth P. Neiman
    United States Magistrate Judge
    (w/o enclosures);