UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>)<br>v.      )<br>)<br>DANNY ROSS,      )<br>     Defendant.   ) | Criminal No. 05-30033-MAP |

## MEMORANDUM PURSUANT TO LOCAL RULE 116.5

The United States of America, by and through its undersigned attorneys hereby files this memorandum. The government faxed a draft to Bernard T. O'Connor, Jr., Esq., counsel for defendant Ross, on September 28, 2005.

1. The defendant filed a discovery letter on August 10, 2005 to which the government responded on August 24, 2005. The government provided some of the requested material and declined to provide other material requested in the letter. There have been no discovery motions filed to date. The only outstanding discovery issues, if any, are those presented in the defendant's discovery letter.

2. The defendant requested discovery of expert witnesses under Fed. R. Crim. Pro. 16(a)(1)(E) in his August 10, 2005 discovery letter and the government responded in its August 24, 2005 letter.

3. The parties do not anticipate providing additional discovery as the result of future receipt of information.

1

4.  The defendant does not intend to raise a defense of insanity or public authority.

5.  The government has requested notice of alibi by the defendant and there has been no response by the defendant.

6.  The defendant has not filed but does intend to file, a motion to sever, dismiss, or suppress, or other motion requiring a ruling by the District Court before trial pursuant to Fed. R. Crim. Pro. 12(c).

7.  It is not necessary to schedule any matter in the case other than a Pretrial Conference.

8.  The parties are not currently engaging in plea negotiations.

9.  The parties agree that there are periods of excludable delay. The parties agree that the time frame from arraignment, June 29, 2005 through July 13, 2005 is excludable under Local Rule 112.2(A)(1). At the August 11, 2005 Status Conference the Court, at the joint request of the parties, excluded from the Speedy Trial time period the time between August 11, 2005 and September 30, 2005. Further, the defendant filed a discovery letter on August 10, 2005 to which the government responded on August 24, 2005. Therefore, the time between August 10, 2005 and August 24, 2005 is excludable pursuant to L.R. 112.2(A)(3). There were no other motions or discovery letters filed.

Therefore, as of the day of the Status Conference on

September 30, 2005, 29 days have run and 41 days remain on the Speedy Trial clock which will require that, if necessary, a trial commence on or before November 10, 2005.

10. In the event that a trial is necessary the trial will last approximately 5 days.

11. A date convenient with the Court should be established for the Pretrial Conference.

Filed this 28th day of September, 2005.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

_____
TODD E. NEWHOUSE
Assistant United States Attorney

On behalf of defendant Ross:

_____
BERNARD T. O'CONNOR, JR., ESQ.
Counsel for defendant Ross

### CERTIFICATE OF SERVICE

Hampden, ss.

Springfield, Massachusetts
September 28, 2005

I, Todd E. Newhouse, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing, via mail to all counsel of record.

_____
TODD E. NEWHOUSE
Assistant U.S. Attorney

3